**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| Jennifer Lyn Lacy, | Case No. 25-20871 (JJT) |
| Debtor. | Re: ECF No. 45 |

**MEMORANDUM OF DECISION AND ORDER DENYING**
**AMENDED MOTION FOR CONTEMPT AND SANCTIONS**

Before the Court is the Debtor's Amended Motion for Contempt and
Sanctions for Willful Violation of the Automatic Stay and Discharge Injunction
(Amended Motion, ECF No. 45), in which the Debtor seeks sanctions against eBay
Inc. and Liberis US Inc.[1] Neither eBay nor Liberis responded to the Amended
Motion. The Court held a preliminary hearing on February 12, 2026, and then
heard argument and received evidence on March 26, 2026, after which the Court
took the matter under advisement. For the following reasons, the Court denies the
Amended Motion.

1. Background

The Debtor has been a reseller on eBay for over 20 years. During that time,
she has operated under a number of business names, including CleoCasey Designs
and (currently) Rejenn-erated. These have been, according to the Debtor, sole

---

[1] The Amended Motion supersedes the Debtor's original Motion for Contempt for Willful Violation of
the Discharge Injunction (ECF No. 21). In deciding the instant matter, the Court has considered all
of the arguments and evidence submitted in the original Motion, Amended Motion, supplemental
memoranda of law (ECF Nos. 63, 69, 72), and supplemental evidence (ECF No. 68).

proprietorships. From 2024 to 2025, however, the Debtor operated through a corporation, CleoCasey Auctions Inc.

In March 2024, the Debtor entered into a Business Revenue Finance Agreement with Liberis.[2] In December 2024, CleoCasey Auctions renewed the Business Revenue Finance Agreement, with the Debtor as guarantor.[3] Under this agreement, CleoCasey Auctions (and the Debtor) agreed that Liberis was entitled to 20% of receivables from eBay sales until the amount of receivables purchased was paid.[4] Sweeps of these percentages were taken from the Debtor's eBay account and continued after the petition date. After the Debtor informed Liberis of her pending bankruptcy, Liberis apparently charged off the remaining debt and sold its claim to a third party.

As for eBay, the Debtor alleges that it closed her 20-year account on December 16, 2025, which was shortly after her discharge. Although the Debtor has since been able to operate from a secondary eBay account, the Debtor has alleged a loss of significant goodwill and that she was harmed by her inability to access her account and because the secondary account does not have the sales history of the original account.

2.  Jurisdiction

The United States District Court for the District of Connecticut has

---

[2] Whether this was the first of one of several such agreements is irrelevant.
[3] The Debtor testified that this renewal, which was with a corporation, was the operative agreement as of the date she filed her bankruptcy petition.
[4] The Business Revenue Finance Agreement and its renewals are merchant cash advances, whereby a company such as Liberis agrees to purchase future accounts receivable in exchange for an immediate infusion of cash.

jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Bankruptcy Court derives its authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a) and (b)(1) and the General Order of Reference of the United States District Court for the District of Connecticut dated September 21, 1984. This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

3. Discussion

The Debtor's legal arguments have changed over time. Initially, she requested that the Court find that eBay violated the discharge and order her eBay account restored and award compensatory damages of $14,915.83 and sanctions of $90,000. (ECF No. 21). She then added Liberis to the mix, and asked for damages of $13,294.43 and sanctions of $150,000 each against eBay and Liberis, all for alleged violations of the discharge injunction and automatic stay. (ECF No. 45). She later argued that her agreements with Liberis were illegal and criminally usurious loans, and asked the Court to cancel them, order disgorgement of $13,428.59 from the payments made to Liberis, and award damages of $500,000 for destruction of her business and $2,000,000 in punitive damages. (ECF No. 69).

The Court is not going to get into the weeds of every argument the Debtor has made in her papers (or why her numbers keep changing). Instead, the Court is going to focus on two narrow issues that are fatal to her claims, one for each of the respondents.

### 3.1 Liberis

As noted above, the operative agreement with Liberis was with CleoCasey Auctions Inc., which is a Connecticut corporation. The Debtor argues that because she dissolved CleoCasey Auctions in April 2025, it no longer existed and Liberis should have stopped sweeping her accounts. But dissolution does not wipe a corporation from existence. "A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: (1) Collecting its assets; (2) disposing of its properties that will not be distributed in kind to its shareholders; (3) discharging or making provision for discharging its liabilities; (4) distributing its remaining property among its shareholders according to their interests; and (5) doing every other act necessary to wind up and liquidate its business and affairs." Conn. Gen. Stat. § 33-884(a). Because the operative agreement with Liberis was with the corporation, its existence continued (and perhaps continues) to discharge its liabilities (*i.e.*, pay its debts). Moreover, there is no evidence that the Debtor ever informed Liberis of the corporation's dissolution[5] or that the eBay and bank accounts used were shared by the Debtor and the corporation. There is a "fair ground of doubt" about whether Liberis's conduct was unlawful under the automatic stay and discharge order; therefore, the Court cannot hold Liberis in contempt.[6] *See*

---

[5] *See* Conn. Gen. Stat. § 33-886(a) ("A dissolved corporation may dispose of the known claims against it by notifying its known claimants in writing of the dissolution at any time after the effective date of the dissolution.").

[6] The Debtor provided no evidence that Liberis proceeded against her as guarantor as opposed to the corporation.

*Taggart v. Lorenzen*, 587 U.S. 554, 565 (2019).[7]

### 3.2 eBay

The Debtor also complains that eBay closed her seller account in violation of the discharge injunction. But she has provided the Court with no evidence of any agreement with eBay other than a copy of eBay's "Limited Use Stored Value Terms and Conditions," which does not include her broader account agreement with eBay. Thus, the Court is left with no evidence for why eBay closed the Debtor's 20-year seller account or whether such would comport with the terms of any agreement with the Debtor.[8] Absent such proof, there is no basis to hold eBay in contempt.[9]

### 4. Conclusion

For the foregoing reasons, the Amended Motion is DENIED.[10]

The Clerk of Court is directed to mail a copy of this Memorandum of Decision and Order to eBay and Liberis care of their registered agents for service as noted in the Debtor's Certificate of Service (ECF No. 50).

IT IS SO ORDERED at Hartford, Connecticut this 31st day of March 2026.

James J. Tancredi
United States Bankruptcy Judge
District of Connecticut

---

[7] Because the operative agreement was with CleoCasey Auctions and not the Debtor, she has no standing to argue whether it was a true sale or loan. *See Rand v. Anaconda-Ericsson, Inc.*, 794 F.2d 843, 849 (2d Cir. 1986) (shareholders of corporation lacked standing where legal injury was to firm).

[8] Although the Debtor complains the eBay was supposed to have provided a reason for shutting down the account by now, that does not excuse her failure to provide copies of the relevant contracts with eBay.

[9] The Debtor has also tried to lump Liberis and eBay together as one entity, but, other than the Debtor's say so, there is no evidence that the two are related entities.

[10] Nothing in this Memorandum of Decision is intended to determine whether the Debtor holds state law contractual claims against eBay under an operative contract not before this Court and that may be cognizable in state court or arbitration.